**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MAHESH PATEL; HOSPITALITY
FRANCHISE SERVICE, INC., DBA
Galleria Motel,
*Plaintiffs-Appellants*,

v.

CITY OF MONTCLAIR, a municipal
corporation; G. FONDARIO, Badge
No. F943,
*Defendants-Appellees*.

No. 13-55632

D.C. No.
2:11-cv-08637-
MWF-SP

OPINION

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 1, 2015[*]
Pasadena, California

Filed August 18, 2015

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Milan D. Smith, Jr. and N. Randy Smith, Circuit Judges and Royce C. Lamberth,[**] Senior District Judge.

Opinion by Judge N.R. Smith

---

## SUMMARY[***]

---

### Civil Rights

The panel affirmed the district court's order dismissing a complaint brought pursuant to 42 U.S.C. § 1983 alleging that police officers violated plaintiff's Fourth Amendment rights when they came onto the public areas of his motel and cited him for code violations observed in plain view.

The panel held that police officers do not conduct a search within the meaning of the Fourth Amendment merely by entering an area of private, commercial property that is open to the public.

---

[**] The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Frank A. Weiser, Los Angeles, California, for Plaintiffs-Appellants.

William Litvak and Gilbert Mikalian, Dapeer Rosenblit & Litvak LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

N.R. SMITH, Circuit Judge:

Police officers do not conduct a search within the meaning of the Fourth Amendment merely by entering an area of private, commercial property that is open to the public. Therefore, we affirm the district court's order dismissing Mahesh Patel's complaint alleging that City of Montclair police officers violated his Fourth Amendment rights.

## BACKGROUND

Mahesh Patel owned the corporation, Hospitality Franchise Service, Inc. ("HSF)" and the Galleria Motel, in Montclair, California.[1]  As its business, the Galleria Motel

---

[1] We have been informed by the parties that Patel passed away during the pendency of this appeal.  Therefore, the case is moot with regard to his personal claims.  *See Ulaleo v. Paty*, 902 F.2d 1395, 1397–98 (9th Cir. 1990).  As a result, only the interest of the corporate plaintiff, HFS, may be determined.  Although corporations enjoy "some Fourth Amendment rights," *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977),

primarily rented rooms on an extended basis to middle-aged and elderly low-income residents receiving public assistance. These residents often could not find or afford other low-income housing.

Police officers for the City of Montclair came onto the public areas of the Galleria Motel and cited Patel for code violations observable in plain view. Pursuant to 42 U.S.C. § 1983, Patel filed a lawsuit on behalf of himself and HFS against the City of Montclair and its police officers in 2011. The only allegation in the complaint (relevant to this appeal) was Patel's claim that the officers violated the Fourth Amendment. Defendants filed a motion to dismiss for failure to state a claim. The district court granted the motion, holding that neither Patel nor HFS had a reasonable expectation of privacy in the areas of the Galleria Motel that were open to the public. Patel timely appeals this determination.

## STANDARD OF REVIEW

"A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Gant v. Cty. of Los Angeles*, 772 F.3d 608, 614 (9th

---

"corporations can claim no equality with individuals in the enjoyment of a right to privacy." *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950). The scope of a corporation's Fourth Amendment rights is not settled in this circuit. *See Spahr v. United States*, 409 F.2d 1303, 1305–06 (9th Cir. 1969) (recognizing that corporation had Fourth Amendment rights in its own records). However, we need not decide that question in this case. We will assume, as the question before us relates to a business owner's rights in the public areas of his business against routine law enforcement, that HFS stands in the same position as its owner on this limited question. We continue to refer to the parties as "Patel."

Cir. 2014) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  *Id.*

## DISCUSSION

We must here determine whether police officers conduct a "search" within the meaning of the Fourth Amendment when they come onto private, commercial property that is open to the public.  In this case, police officers entered the public areas of the Galleria Motel and issued citations based on code violations they observed in plain view.  Patel does not contend that he had a reasonable expectation of privacy in the public areas of the Galleria Motel, which would be necessary under the line of cases beginning with *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring), to state a claim for violation of the Fourth Amendment.  *See California v. Ciraolo*, 476 U.S. 207, 211 (1986) ("The touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'") (quoting *Katz*, 389 U.S. at 360 (Harlan, J., concurring)).  Instead, Patel contends that, under the Supreme Court's recent decisions in *United States v. Jones*, 132 S. Ct. 945 (2012), and *Florida v. Jardines*, 133 S. Ct. 1409 (2013), the police officers violated his Fourth Amendment rights by entering his property for the purpose of conducting an investigation.

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV.  Under *United States v.*

*Jones*, the government conducts a search within the meaning of the Fourth Amendment when it "physically occupie[s] private property for the purpose of obtaining information." 132 S. Ct. at 949.  However, *Jones* does not suggest that all technical trespasses constitute a search under the Fourth Amendment.  Instead, the Supreme Court held that "[t]he Fourth Amendment protects against trespassory searches only with regard to those items ('persons, houses, papers, and effects') that it enumerates." *Id.* at 953 n.8.  In *Jones*, the Court explicitly reaffirmed the "open fields" doctrine, which states that a mere trespassory entry onto private property does not constitute a search.  *Id.* at 953 (citing *Oliver v. United States*, 466 U.S. 170 (1984)).  As the Supreme Court explained in *Florida v. Jardines*: "[t]he Fourth Amendment does not . . . prevent all investigations conducted on private property . . . because [open] fields are not enumerated in the Amendment's text." 133 S. Ct. at 1414.  Private commercial property is not one of the enumerated items that the Fourth Amendment protects.

Indeed, Patel has never asserted that the Galleria Motel is within one of the enumerated areas of the Fourth Amendment.  He argues instead for a technical trespass rule that the Supreme Court has never adopted.  *See* Orin Kerr, *The Curious History of Fourth Amendment Searches*, 2012 Sup. Ct. Rev. 67, 77 (2012) ("The Supreme Court never tied the definition of a 'search' to trespass law.").  The plain language of *Jones* refutes Patel's contention:  "The Government's physical intrusion on [a privately owned but unenumerated] area—unlike its intrusion on the 'effect' at issue here—is of no Fourth Amendment significance." *Jones*, 132 S. Ct. at 953; *see United States v. Mathias*, 721 F.3d 952, 956 (8th Cir. 2013) ("A *Jones* trespassory search . . . requires the challenged intrusion to be into a constitutionally protected

area enumerated within the text of the Fourth Amendment."). Accordingly, the district court did not err when it held that the police officers' entry onto the areas of the Galleria Motel open to the public did not constitute a search within the meaning of the Fourth Amendment.**[2]**

Patel makes a second, but related, argument to support his claim. Patel contends that the Supreme Court's decisions in *Camara v. Municipal Court of City and County of San Francicso*, 387 U.S. 523 (1967), and *See v. City of Seattle*, 387 U.S. 541 (1967), when read in conjunction with *Jones*, extend the reach of the Fourth Amendment to protect against any police intrusion into private commercial property. *Camara* and *See* were both decided approximately six months before the Supreme Court decided *Katz*. Therefore, they predate the Supreme Court's efforts to standardize the Fourth Amendment inquiry with the reasonable expectation of privacy test. However, *Camara* and *See* are best understood as earlier iterations of the *Katz* reasonable expectation of privacy test; they do not add or detract from the scope of Fourth Amendment protections as announced in *Jones*.

In *Camara*, the Supreme Court held that the entry of an inspector into an area of a private business being used as a residence constituted a search. *Camara*, 387 U.S. at 528–29, 532–33. The Court extended this principle in *See*, where the Court held that the Fourth Amendment protected against the search of a locked warehouse. *See*, 387 U.S. at 543. Both opinions contained strong language protecting commercial property. In *Camara*, the Supreme Court noted that "one

---

**[2]** Again, Patel did not argue that he had a reasonable expectation of privacy in the public areas of the Galleria Motel. *See Katz*, 389 U.S. at 360 (Harlan, J., concurring).

governing principle, justified by history and by current experience, has consistently been followed: except in certain carefully defined classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." *Camara*, 387 U.S. at 528–29. In *See*, the Court held that "[t]he businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property." *See*, 387 U.S. at 543. However, these cases did not establish the broad principle that Patel asks us to adopt in this case: that any unauthorized entry onto private property constitutes a search.

First, *Jones* explicitly reaffirmed the vitality of the "open fields" doctrine, squarely holding that some areas of private property are not protected by the Fourth Amendment's prohibition on unreasonable searches. *Jones*, 132 S. Ct. at 953. Second, cases decided subsequent to *Camara* and *See* indicate that they should be read to limit the reach of the Fourth Amendment *only to those areas of private property that are not open to the public*. Further, those cases have explained the rule of *Camara* and *See* in terms of the reasonable expectation of privacy test developed in *Katz*.

In *Marshall v. Barlow's, Inc.*, the Supreme Court held that the Fourth Amendment protected against government intrusions into the private areas of a business. 436 U.S. 307, at 309–10 (1978). The Court's reasoning fits squarely within *Katz*: "If the government intrudes on a person's property, the *privacy interest* suffers whether the government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards." *Id.* at 312–13 (emphasis added). "Without a warrant [the officer] stands in no better position than a member of the public. What is

observable by the public is observable, without a warrant, by the Government inspector as well." *Id.* at 315.

As in *Barlow's*, the police officers entering the public areas of the Galleria Motel are entitled to observe (without a warrant) anything observable by the public. *Camara* and *See* only allow a commercial property owner to manifest a reasonable expectation of privacy in his property by closing off portions of his business to the public.[3] To extend *Camara* and *See* any further would conflict with the language in *Jones* restricting the Fourth Amendment's protections against the government's trespassory actions to its enumerated items. *Jones* and *Katz* must be read together: *Jones* establishes a default rule that a government intrusion with respect to the enumerated items of the Fourth Amendment, regardless of a defendant's reasonable expectation of privacy, will implicate the constitutional protection against unreasonable searches and seizures. *Katz* broadens the reach of the Fourth Amendment beyond the enumerated areas to those areas where the defendant manifests a reasonable expectation of privacy.

The areas of the Galleria Motel open to the public are not within the enumerated items in the Fourth Amendment; therefore, no search occurs when police officers enter those areas. Because the complaint alleged only that police officers entered the public areas of the Galleria Motel, Patel has failed to demonstrate a reasonable expectation of privacy pursuant to *Katz*, rendering *Camara* and *See* inapplicable to this case.

---

[3] We do not understand the Supreme Court's recent decision in a similar case involving the constitutionality of a city ordinance allowing for warrantless inspection of hotel records to hold otherwise. *See City of Los Angeles v. Patel*, __ S. Ct. __, 2015 WL 2473445 (2015).

Accordingly, the district court did not err when it dismissed Patel's Fourth Amendment claim.

**AFFIRMED.**