NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK PATRICK BIRCH, Jr., | No. 18-15669 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01051-RFB-CWH |
| v. | |
| JOSEPH LOMBARDO, et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 18, 2019**

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Frank Patrick Birch, Jr., appeals from the district court's grant of summary

judgment in his 42 U.S.C. § 1983 action alleging a violation of his Fourteenth

Amendment due process rights.  The court dismissed one defendant and granted

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in favor of two others. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Birch claims he suffered severe weight loss and endured untreated heart and shoulder problems while incarcerated at Nevada's Clark County Detention Center (CCDC). He sued Clark County Sheriff Joseph Lombardo, CCDC health-care provider NaphCare, and Dr. Larry Williamson, the supervising physician. The district court granted Lombardo's motion to dismiss Birch's claim against him for failure to state a claim and granted in part NaphCare and Williamson's motion for the same reason. And finding no genuine dispute as to material fact, it thereafter granted summary judgment in favor of NaphCare and Williamson on Birch's remaining claims and entered final judgment in favor of the defendants. Birch timely appealed.

A district court's dismissal of a § 1983 claim is reviewed de novo, *see Patel v. City of Montclair*, 798 F.3d 895, 897 (9th Cir. 2015), as is a grant of summary judgment in a § 1983 action, *see Tibbetts v. Kulongoski*, 567 F.3d 529, 535 (9th Cir. 2009). Evidentiary rulings are reviewed for abuse of discretion. *See United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009).

Birch alleges in his complaint—taken as true and construed in the light most favorable to him for the purpose of evaluation under Federal Rule of Civil Procedure 12(b)(6), *see Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th

2

Cir. 2019)—that he was 220 pounds upon entering CCDC, and under 150 pounds when he filed his complaint in May of 2016. To recover against Lombardo, Birch needed to allege that Lombardo's failure to order additional food for Birch put Birch "at substantial risk of suffering serious harm" and that a reasonable official in Lombardo's shoes "would have appreciated the high degree of risk involved." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (establishing the test for deliberate indifference under the Fourteenth Amendment). Birch cannot show that the harm he alleged—i.e., weight loss that kept him at an objectively reasonable weight according to the Body Mass Index (BMI)—put him at such a substantial risk or that a reasonable prison official would have appreciated that risk. Accordingly, the district court's dismissal of Birch's claim against Lombardo was proper.

Birch's weight-loss claim against NaphCare and Williamson was likewise correctly dismissed. Birch did not point to any way in which his overall wellbeing suffered as a result of his weight loss. He simply complained that he lost over 70 pounds. That allegation alone—without supporting evidence of resulting detrimental effects on his health—does not amount to a claim of "serious harm" under our deliberate-indifference jurisprudence. *See Gordon*, 888 F.3d at 1125. *Cf. Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (plaintiff who was hospitalized, kept in long-term-care facility for four years, and

3

who suffered from severe memory loss made out a claim of "serious harm").

The district court allowed Birch's claims relating to his shoulder and heart to proceed to summary judgment. Finding no genuine dispute as to any material fact, it granted NaphCare's and Williamson's motion for summary judgment. The district court correctly found that, far from neglecting Birch's ailments, NaphCare and Williamson continually treated Birch's shoulder and heart using methods an expert deemed to be aligned with national best practices. That NaphCare's chosen treatments did not satisfy Birch is not probative; no reasonable fact-finder could conclude that NaphCare's and Williamson's policy constituted deliberate indifference. Summary judgment was therefore appropriate.

The district court did not err in declining to allow Birch to amend his complaint because the court correctly determined amendment would be futile. *See Barahona v. Union Pacific R.R. Co.*, 881 F.3d 1122 (9th Cir. 2018).

Finally, Birch challenges a raft of district court evidentiary and case-management decisions. We have examined these claims and find each lacking in merit. The district court deftly and correctly handled each issue presented to it.

All pending motions are denied as moot.

**AFFIRMED.**

4