**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN VALDEZ, | No.   19-15142 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01839-AWI-JLT |
| v. | |
| JEFFREY A. BEARD, Secretary of Corrections; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Ruben Valdez, a California state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action arising from his continued

placement in administrative segregation.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2017) (qualified immunity); *Patel v. City of Montclair*, 798 F.3d 895, 897 (9th Cir. 2015) (dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary judgment). We affirm.

The district court properly dismissed Valdez's equal protection claim because Valdez failed to allege sufficient facts to show that he received disparate treatment compared to similarly situated inmates. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("The Equal Protection Clause requires the State to treat all similarly situated people equally."); *see also Bruce*, 351 F.3d at 1287 ("California's policy of assigning suspected gang affiliates to the Security Housing Unit is . . . designed to preserve order in the prison and protect the safety of all inmates." (internal citation omitted)).

With regard to the Institutional Classification Committee ("ICC") hearings prior to April 2014, Valdez failed to show that he suffered any constitutional violation related to these hearings. Furthermore, the district court did not err in dismissing Valdez's due process claims regarding the ICC hearings prior to April 2014 on the basis of qualified immunity because it would not have been clear to every reasonable official that a failure to provide post-placement periodic, meaningful reviews violated a "clearly established" statutory or constitutional right. *See Brown v. Or. Dep't of Corr.*, 751 F.3d 983 (9th Cir. 2014) (defendants

would not be held liable for failure to provide meaningful reviews of lengthy confinement because this right was not clearly established); *see also Ashcroft v. al-Kidd*, 563 U.S. 223, 236 (2009) (outlining the two-part test for qualified immunity).

The district court properly granted summary judgment on Valdez's due process claims regarding ICC hearings after April 2014 because Valdez failed to raise a genuine dispute of material fact as to whether his due process rights were violated during his continued placement in administrative segregation. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (inmates in administrative segregation are entitled to due process protections consisting of periodic review, notice of hearings, and an opportunity to be heard), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

The district court did not abuse its discretion in denying Valdez's motion for reconsideration because Valdez failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard for review and grounds for reconsideration).

**AFFIRMED.**

19-15142