NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EASTON MURRAY,

          Plaintiff-Appellant,

 and

CLAUDIUS MURRAY,

          Plaintiff,

 v.

ARIZONA, STATE OF; PIMA, COUNTY
OF; DISTRICT ATTORNEY'S OFFICE,
named as Office of the District Attorney;
JOSEPH THOMAS MAZIARZ; AMY
THORSON; BARBARA LaWALL; CHRIS
WARD; LAURA CONOVER,

          Defendants-Appellees.

No. 23-15791

D.C. No. 4:22-cv-00360-RM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 17, 2024**

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Easton Murray appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of a state court criminal proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Patel v. City of Montclair*, 798 F.3d 895, 897 (9th Cir. 2015). We may affirm on any ground supported by the record. *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021). We affirm.

The district court properly dismissed Murray's individual capacity claims against defendants LaWall, Ward, Maziarz, and Thorson as barred by prosecutorial immunity. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining that prosecutors are entitled to absolute immunity when performing functions "intimately associated with the judicial phase of the criminal process" (citation and internal quotation marks omitted)).

The district court properly dismissed Murray's official capacity claims against Pima County, the District Attorney's Office, Ward, and Conover because Murray failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658

2                                                                                      23-15791

(1978)).

Dismissal of Murray's official capacity claims against the State of Arizona, Maziarz, and Thorson was proper because these claims are barred by the Eleventh Amendment. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (explaining that the Eleventh Amendment bars suits against a state as well as state officials sued in their official capacities).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Murray's opposed motion for judicial notice (Docket Entry No. 31) is denied as unnecessary.

**AFFIRMED.**