NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BHAVIN PATEL, Individually and as
Trustee of the Patel Family
Trust; JERUBHA LIFE LLC,

Plaintiffs - Appellants,

v.

CITY OF LOS ANGELES, a municipal
corporation; MATTHEW LUM; DOES, 1-
10 inclusive,

Defendants - Appellees.

No. 24-3293

D.C. No.
2:24-cv-00493-PA-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 8, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.

Plaintiffs Bhavin Patel and Jerubha Life LLC, owner and operator of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

New Bay Motel (the "Motel") in Los Angeles, California, challenge the Motel's nuisance closure by Defendants City of Los Angeles ("City"), City employee Matthew Lum, and unidentified Doe individuals. The First Amended Complaint ("FAC") alleges various constitutional violations under 42 U.S.C. § 1983, a Fair Housing Act ("FHA") disparate impact claim, and a state law claim seeking mandamus review under California Code of Civil Procedure § 1094.5. The district court granted Defendants' motion to dismiss the federal claims and declined to exercise supplemental jurisdiction over the state law claim. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

"We review the district court's dismissal of the complaint for failure to state a claim and the legal issues it presents de novo." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1253–54 (9th Cir. 2013). "We accept as true all well-pleaded allegations of material fact but are not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* at 1254 (internal quotations and citation omitted).

"We review for abuse of discretion the district court's decision to decline supplemental jurisdiction." *Trs. of the Constr. Indus. & Laborers Health &*

2

*Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

## II.

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citation omitted).

The district court correctly held that the FAC failed to state a claim for constitutional violations based on the following: (1) First Amendment retaliation, (2) Fourth Amendment search and seizure, (3) Fifth Amendment takings, (4) Fourteenth Amendment substantive due process, (5) Fourteenth Amendment procedural due process, and (6) Fourteenth Amendment equal protection.

***First Amendment retaliation.*** The FAC does not allege a plausible violation of Plaintiffs' First Amendment rights because it fails to specify a protected activity, retaliatory action, or causal relationship, as required to state a First Amendment retaliation claim. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). To the extent Plaintiffs challenge the Motel's closure based on their refusal to permit warrantless inspections of the Motel, the allegations are too conclusory to state a claim. For example, the FAC does not state when such a refusal occurred, much

3

less how such a refusal constituted a "but-for cause" of the Motel's closure. *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019) (internal quotations and citation omitted).

***Fourth Amendment search and seizure.*** Plaintiffs' Fourth Amendment claim fails because Plaintiffs cannot assert the rights of the Motel's guests, *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014), and police entry into the Motel's public areas does not constitute a search under the Fourth Amendment, *Patel v. City of Montclair*, 798 F.3d 895, 900 (9th Cir. 2015). The FAC's remaining allegations concerning police entry into the Motel's private areas and demand for registration records and video footage are too conclusory to state a claim, as they lack even basic details about the circumstances.

***Fifth Amendment takings.*** The FAC fails to state a Fifth Amendment regulatory takings claim because Defendants' purpose in closing the Motel was to abate a public nuisance. *See Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n.22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance."). Plaintiffs also cannot state a per se taking because they fail to plead the City's appropriation of "private property for itself or a third party." *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (2021).

***Fourteenth Amendment substantive due process.*** Similarly, Plaintiffs'

substantive due process claim fails. Because the closure's purpose was to abate a nuisance, none of Defendants' actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (citation omitted).

**Fourteenth Amendment procedural due process.** Plaintiffs' procedural due process challenges fail because Plaintiffs were given a meaningful opportunity to challenge the Motel's closure. *See Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1082 (9th Cir. 2010). Plaintiffs participated in both the initial revocation hearing before the Zoning Administrator and the subsequent hearing before the Planning and Land Use Management Committee. Further, the Zoning Administrator's alleged remarks before the hearing did not sufficiently show either actual bias or the appearance of bias. *See Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995).

**Fourteenth Amendment equal protection.** The FAC's allegations are too conclusory to support an equal protection challenge under either a protected class or class-of-one theory. *See Sampson v. County of Los Angeles ex rel. L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022 (9th Cir. 2020); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). For example, the FAC fails to support Plaintiffs' claim that the City intentionally singled out the Motel for discriminatory treatment because the FAC does not include any specific allegations

5

showing that other motels were similarly situated but treated differently.

## III.

The district court correctly dismissed Plaintiffs' FHA claim because the FAC's allegations are too conclusory to state a claim. There are no allegations of "statistics or other proof" that demonstrate a discriminatory impact.[1] *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997).

## IV.

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim under 28 U.S.C. § 1367(c)(3) because it properly dismissed Plaintiffs' federal claims. *See City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010).

**AFFIRMED.**

---

[1] Because Plaintiffs fail to allege a constitutional or statutory violation, their arguments regarding municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and qualified immunity against the individual Defendants necessarily fail. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *Wood v. Moss*, 572 U.S. 744, 757 (2014).

6