**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH PATRICK CUVIELLO, | No. 24-5191 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00029-LB |
| v. | |
| CITY OF BELMONT; AFSHIN OSKOUI, City of Belmont City Manager; BRIGITTE SHEARER, City of Belmont Parks and Recreation Director, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted October 8, 2025**
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Joseph Cuviello ("Cuviello") appeals the dismissal of his free speech claims

under the First Amendment and Article 1, Section 2(a) of the California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Constitution for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We review a district court's decision to dismiss for failure to state a claim de novo. *Patel v. City of Montclair*, 798 F.3d 895, 897 (9th Cir. 2015). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id.* (quotation marks and citation omitted). Additionally, Cuviello's filings as a pro se litigant "are held to less stringent standards than formal pleadings drafted by lawyers." *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cuviello brought this action against the City of Belmont, City Manager Afshin Oskoui, and Parks and Recreation Director Brigitte Shearer. He asserted causes of action under 42 U.S.C. § 1983 and the California Constitution, claiming that the City's termination of an invasive plant removal volunteer program at the Waterdog Open Space public preserve violated his First Amendment rights and his right to liberty of speech under Article 1, Section 2(a) of the California Constitution.[1] The district court found that Cuviello did not plausibly plead his plant-removal volunteerism was symbolic conduct entitled to protection and dismissed Cuviello's free speech claims.

---

[1] Cuviello also asserted claims for retaliation and violation of due process and equal protection under the First and Fourteenth Amendments, which are not at issue in this appeal.

Conduct that is "'sufficiently imbued with elements of communication'" is protected by the First Amendment. *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (quoting *Spence v. Washington*, 418 U.S. 405, 409 (1974) (per curiam)). But "[t]he Supreme Court has consistently rejected 'the view that an apparently limitless variety of conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea.'" *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1058 (9th Cir. 2010) (quoting *United States v. O'Brien*, 391 U.S. 367, 376 (1968)).

"The Supreme Court refers to non-speech activity that is within the ambit of the First Amendment's protections as 'expressive conduct.'" *Edge v. City of Everett*, 929 F.3d 657, 668 (9th Cir. 2019) (citing *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984)). "Expressive conduct is characterized by two requirements: (1) 'an intent to convey a particularized message' and (2) a 'great' 'likelihood . . . that the message would be understood by those who viewed it.'" *Id.* (quoting *Johnson*, 491 U.S. at 404).

"With respect to the first requirement—an intent to convey a particularized message—First Amendment protection is only granted . . . where circumstances establish that an unmistakable communication is being made." *Id.* (citing *Nat'l Socialist Party of Am. v. Village of Skokie*, 432 U.S. 43 (1977) (per curiam) (declining to enjoin Nazi marchers from wearing symbols of ideology in parade)

(additional citations omitted). Cuviello alleges that his plant-removal conduct expresses his views on environmental protection. Based on the nature of Cuviello's conduct—removing plants in a public preserve—it is not clear that "an unmistakable communication [was] being made." *Id.* However, even if Cuviello could show that his intent was to convey a particularized message, he fails to show a great likelihood that his intended message would have been understood by those who received it. Therefore, this court does not decide this issue.

"Context is everything when deciding whether others will likely understand an intended message conveyed through expressive conduct." *Id.* at 669; *see also Spence*, 418 U.S. at 411. Cuviello fails to demonstrate that the conduct of removing plants would reasonably be understood by viewers as conveying his intended message of environmental protection. *See Knox v. Brnovich*, 907 F.3d 1167, 1181 (9th Cir. 2018) (holding that collecting early ballots was not expressive conduct because viewers would not understand such conduct as "conveying a symbolic message of any sort"); *Edge*, 929 F.3d at 669 ("[B]aristas' act of wearing pasties and g-strings in close proximity to paying customers creates a high likelihood that the message sent by the baristas' nearly nonexistent outfits vastly diverges from . . . their intended messages related to empowerment and confidence . . . ."). Removing plants off-trail in a natural open space using removal equipment while wearing extensive protective gear is not likely to be understood by viewers

4

as expressing an environmental protection message.

Cuviello's expressive conduct under the California Constitution also fails for the same reason. "[P]ure conduct . . . falls outside the bounds of California constitutional protection." *Ctr. for Bio-Ethical Reform, Inc. v. The Irvine Co.*, 37 Cal. App. 5th 97, 114 (2019). Cuviello's action of removing plants is pure conduct; it does not convey thoughts or opinions. *Id.*; *see also Spiritual Psychic Sci. Church of Truth v. City of Azusa*, 703 P.2d 1119, 1122 (Cal. 1985). Accordingly, Cuviello fails to state a plausible expressive conduct claim under either the First Amendment or the California Constitution.

Cuviello contends that, in the alternative, his plant-removal conduct is protected information gathering activity. But while "the creation and dissemination of information are speech within the meaning of the First Amendment," *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011) (citations omitted), "[t]he right to speak and publish does not carry with it the unrestrained right to gather information." *Zemel v. Rusk*, 381 U.S. 1, 17 (1965). "Even when conduct relates to speech, Supreme Court cases counsel that conduct may not be speech protected by the First Amendment, particularly when the regulation of such conduct still permits the speaker to express his desired message and there are important countervailing interests." *Project Veritas v. Schmidt*, 125 F.4th 929, 965 (9th Cir. 2025) (Bennett, J., concurring). Restrictions on conduct that incidentally

affect speech creation or dissemination have not been held to violate the First Amendment. *Id.* at 944.

Here, Cuviello lacks an unrestrained right to gather information in the exact manner he wishes—removing invasive plants at a specific preserve. But he can still access the preserve to take notes, photograph plants, and otherwise document conditions as a means of gathering information for future environmental advocacy. Accordingly, any incidental effect of terminating the plant removal program on Cuviello's speech creation or dissemination rights is too attenuated to state a claim under the First Amendment.

There is no California case law recognizing a more expansive right to information under the California Constitution. Therefore, Cuviello's information-gathering claim also fails under California law. *See, e.g.*, *Kaye v. Bd. of Trs. of San Diego Cnty. Pub. L. Libr.*, 179 Cal. App. 4th 48, 57–58 (2009) ("Generally, when we interpret a provision of the California Constitution that is similar to a provision of the federal Constitution, we will not depart from the United States Supreme Court's construction of the similar federal provision unless we are given cogent reasons to do so." (quotation marks and citation omitted)).[2]

**AFFIRMED.**

---

[2] Appellant's Motion for Judicial Notice (Docket Entry No. 18) and Motion for Miscellaneous Relief (Docket Entry No. 7) are hereby granted.