NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA VONDRA, *et al.*,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF BILLINGS,<br><br>Defendant - Appellee. | No. 24-4183<br><br>D.C. No.<br>1:22-cv-00030-KLD<br><br>MEMORANDUM[*] |
| THERESA VONDRA, *et al.*,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>CITY OF BILLINGS,<br><br>Defendant - Appellant. | No. 24-4551<br><br>D.C. No.<br>1:22-cv-00030-KLD |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted September 15, 2025
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and DE ALBA, Circuit Judges, and ORRICK, District Judge.**

This matter addresses the constitutionality of the City of Billings' Ordinance 21-5757 ("Regulating Massage and Spa Facilities Through Business Licensing Criteria") (hereinafter, the "Ordinance"). On cross-motions for summary judgment, the District Court granted in part plaintiffs massage therapists' motion and enjoined enforcement of discrete provisions of the Ordinance, while granting summary judgment to the City of Billings (hereinafter, the "City") in all other respects to allow enforcement of the rest of the Ordinance. The parties cross-appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We "review de novo a district court's grant of summary judgment." *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir. 1999). We "must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id*.

1. The City challenges the District Court's determination that the City must demonstrate a "special need" under *New York v. Burger*, 482 U.S. 691 (1987), and *City of Los Angeles, California v. Patel*, 576 U.S. 409 (2015), to justify the challenged search provisions in the Ordinance. Assuming, but not deciding, that it was necessary for the District Court to consider the special needs test, the

---

** The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

District Court did not err in determining that test satisfied. It correctly concluded that the primary purpose of the Ordinance is to protect public health and safety, distinguishable from any general interest in crime control. *Patel*, 576 U.S. at 419. The Ordinance achieves that purpose, consistent with the Fourth Amendment, by using the need to secure a license and the threat of enforcement of the Ordinance's search provisions to discourage illicit prostitution and sex trafficking operations at massage therapy businesses in the City. The Ordinance bears none of the hallmarks of an ordinance whose "immediate purpose" is crime control as in *Ferguson v. City of Charleston*, 532 U.S. 67, 83 (2001), but rather is materially similar to the ordinance in *Burger* whose primary purpose was to shut down illicit operations through regulatory measures. *Burger*, 482 U.S. at 717.

2.     The District Court did not err in determining that massage therapy is a "closely regulated" industry in Montana. The historical regulation of massage therapy businesses in Montana is pervasive and long-lasting. *See Killgore v. City of South El Monte*, 3 F.4th 1186, 1190-92 (9th Cir. 2021) (holding that a materially similar history of regulation of the California massage industry renders it "closely regulated").

3.     Under *Burger*, warrantless inspections in the context of a pervasively regulated business will be deemed to be reasonable only when three criteria are met. 482 U.S. at 702–03. First, the regulatory scheme must serve a "substantial"

government interest. *Id*. at 702. "Second, the warrantless inspections must be necessary to further the regulatory scheme." *Id*. at 702–03 (citation modified). Finally, the regulation "must provide a constitutionally adequate substitute for a warrant" by providing certainty and regularity as to when and why warrantless searches may be conducted. *Id*. at 703 (citation modified).

The parties do not challenge on appeal the District Court's determination that the first two *Burger* criteria are satisfied. *See Killgore*, 3 F.4th at 1192 (concluding that "substantial government interests" inform the regulatory scheme and that warrantless searches are "necessary to further" the regulatory scheme governing massage therapy businesses). They both challenge, however, whether the District Court correctly applied the third factor—whether the search provisions of the Ordinance provide "a constitutionally adequate substitute for a warrant" "in terms of the certainty and regularity of [their] application." *Burger*, 482 U.S. at 702–03; *Killgore*, 3 F.4th at 1192.

Considering first Section 7-1912(c), the District Court appropriately held that this section is unconstitutionally overboard as to all massage therapists because it allows inspectors or law enforcement to search for violations of "any law" under their jurisdiction. Notably, the discretion of inspectors and law enforcement is unrestricted in scope and expressly allows for "general searches by state officials" to look for violations of any law. *See Patel*, 576 U.S. at 427

(holding that the ordinance at issue failed to "sufficiently [] constrain police officers' discretion as to which hotels to search and under what circumstances"); *Burger*, 482 U.S. at 703 (holding that the discretion of the inspectors must be "carefully limited in time, place, and scope") (internal quotation omitted). As such, the District Court did not err in enjoining the enforcement of Section 7-1912(c).

Turning to the remaining search provisions, Sections 7-1910(k), 7-1911(c) and (f), and 7-1912 (d) and (f) (together, the "challenged search provisions"), the District Court did not err in concluding that these provisions were unconstitutionally overbroad to the extent they apply to solo practitioners working from their homes. Section 7-1910(k) prohibits massage therapy businesses from refusing access to inspectors, concealing persons in the facility or remaining behind locked doors, refusing to provide identification, or attempting to elude inspectors by exiting side or back doors "during operation." Sections 7-1911(c) and (f) require massage therapy businesses to maintain and allow inspection of logs, books, and records "during normal business hours" and require therapists to immediately open exterior and interior doors upon request, except that inspectors may not interrupt ongoing treatments lasting two hours or less. Sections 7-1912(d) and (f) similarly allow the inspectors access to rooms, cabinets and storage areas and require those on the premises to present identification and not elude

identification.

Plaintiffs' broader challenge to these search provisions fails because the discretion of inspectors is appropriately circumscribed in both time—during hours of operation and when clients and staff are on the premises—and scope—allowing inspection of logical areas and records that would uncover illicit operations engaged in sex trafficking or prostitution. As the District Court recognized, there is a "greater latitude to conduct warrantless inspections of commercial property" that "reflects the fact that the expectation of privacy that the owner of commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home, and that this privacy interest may, in certain circumstances, be adequately protected by regulatory schemes authorizing warrantless inspections." *Donovan v. Dewey*, 452 U.S. 594, 598–99 (1981). These search provisions are constitutionally applied to commercial spaces where massage therapists operate to aid in enforcing the Ordinance.

However, the provisions fail *Burger's* reasonableness prong and were appropriately enjoined by the District Court as unconstitutionally overbroad to the extent they cover solo practitioners operating from their homes. *See Rush v. Obledo*, 756 F.2d 713, 721 (9th Cir. 1985) (striking down as overbroad search provisions governing family home daycares where the searches were not confined to "the areas of the home used by children when the children are present"). The

24-4183

District Court's conclusion that "the plain text of the Ordinance impliedly permits warrantless searches of the private areas of solo practitioners' homes" was not erroneous. The City's attempt to configure Section 7-1902(o)'s definition of a "massage or therapy facility" to exclude solo practitioners' businesses from the scope of searches allowed by Section 7-1912(c) fails. The City has not identified anything in the legislative history of the Ordinance or the broader record regarding its implementation to support its position that the admittedly "inartful" or poorly drafted definitional provision was intended to exclude solo practitioners from the challenged searches.

In sum, given the pervasive and longstanding history of regulating the massage therapy industry in Montana, the City's unchallenged significant interest in protecting health and safety, and the limitations on the discretion of inspectors contained in the challenged search provisions (except as noted for Section 7-1912(c)), *Burger's* third prong is satisfied with respect to searches in commercial spaces. *Killgore*, 3 F.4th at 1193 ("The City was sufficiently restrained in both the time and purpose of each inspection.").

4. The District Court did not err in concluding that plaintiff Podolak, a solo practitioner who works from home, suffered an "unconstitutional condition" when she was forced to decide between complying with the Ordinance and engaging in her business. *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994)

("Under the well-settled doctrine of 'unconstitutional conditions,' the government may not require a person to give up a constitutional right . . . in exchange for a discretionary benefit . . . ." (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)); *Stavrianoudakis v. United States Fish & Wildlife Serv*., 108 F.4th 1128, 1137 (9th Cir. 2024) ("A plaintiff suffers a 'constitutionally cognizable injury' whenever the government succeeds in pressuring the plaintiff into forfeiting a constitutional right in exchange for a benefit or the government withholds a benefit based on the plaintiff's refusal to surrender a constitutional right.").

5.      Finally, the District Court did not err in awarding $1 in nominal damages to plaintiffs on Podolak's unconstitutional condition claim.  Although the City contends that nominal damages should not be awarded for facial constitutional violations and argues that plaintiffs made only "facial" challenges to the Ordinance's search provisions, plaintiff Podolak suffered a "completed" constitutional injury when she was forced to choose between agreeing to the unconstitutional search conditions or being able to conduct her profession in her home.  *See Stavrianoudakis*, 108 F.4th at 1137.  That completed constitutional injury provides a basis for the award of nominal damages by the District Court.  *See Schneider v. Cnty. of San Diego*, 285 F.3d 784, 795 (9th Cir. 2002) ("Nominal damages are a purely 'symbolic vindication of [a] constitutional right,' and are awarded regardless of whether 'the constitutional violation causes any actual

damage.'" (quoting *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992)).

**AFFIRMED**.